Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL L. TRIGG, an individual;<br><br>Plaintiff;<br><br>v.<br><br>BBVA USA BANCSHARES, INC., a foreign corporation; PHH MORTGAGE CORPORATION, a foreign corporation; EQUIFAX INFORMATION SERVICES, LLC, a foreign limited-liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.: 2:20-cv-01371<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Michael L. Trigg ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendants, BBVA USA Bancshares, Inc. ("BBVA"), PHH Mortgage Corporation ("PHH"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") complains and alleges as follows:

## **JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant

times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiff resides in the State of Nevada.

6. Plaintiff is a "consumer" under 15 U.S.C. 1681a(c).

7. BBVA is a foreign corporation doing business in the State of Nevada.

8. BBVA regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. PHH is a foreign corporation doing business in the State of Nevada.

10. PHH regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

11. Equifax is a foreign limited-liability company doing business in the State of Nevada.

12. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

13. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

14. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

15. Experian is a foreign corporation doing business in the State of Nevada.

16. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

17. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

18. Experian disburses said consumer reports to third parties under contract for monetary compensation.

19. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

20. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

21. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

22. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

23. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

24. On or about April 2020, Plaintiff obtained copies of his Equifax, Experian, and Trans Union credit reports and became aware that Defendants were reporting the following inaccurate information concerning BBVA – Account # XXXX8877 (the "Account"):

- August 2018 – 30 days late
- September 2018 – 30 days late
- Account Status: 30 days late

25. The inaccurate reporting arose out of a processing error made by BBVA.

26. On or about April 2020, Plaintiff obtained copies of his Equifax, Experian, and Trans Union credit reports and became aware that Defendants were reporting the following inaccurate information concerning PHH – Account # XXXX4802 (the "Account"):

- December 2015 – 30 days late
- January 2016 – 30 days late
- Account Status: 30 days late

27. The inaccurate reporting arose out of a processing error made by PHH.

28. In April 2020, Plaintiff submitted written disputes to Equifax, Experian, and Trans Union regarding the inaccurate BBVA and PHH accounts.

29. On information and belief, Equifax, Experian, and Trans Union submitted Plaintiff's written disputes to BBVA and PHH for investigation.

30. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's written disputes.

31. Upon receipt of Plaintiff's disputes of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

32. Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit reports.

33. In failing to delete the inaccurate information, Defendants continued to report inaccurate information in violation of the FCRA.

34. In failing to delete the inaccurate information, Defendants provided misleading information on Plaintiff's credit reports in violation of the FCRA.

35. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

### FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Equifax, Experian, and Trans Union]**

36. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

37. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiff.

38. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

39. Equifax, Experian, and Trans Union's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

40. In the alternative, Equifax, Experian, and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

41. As a direct and proximate result of the above-referenced violations by Equifax, Experian, and Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

43. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

44. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**SECOND CLAIM FOR RELIEF**

**[Violation of 15 U.S.C. § 1681i against Equifax, Experian, and Trans Union]**

45. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

46. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned above-referenced inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

47. As a direct and proximate result of this conduct by Equifax, Experian, and Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

48. Equifax, Experian, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

49. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

### THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against BBVA and PHH]**

50. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

51. BBVA and PHH violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with Equifax, Experian, and Trans Union; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Equifax, Experian, and Trans Union accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct their own internal records to prevent the aforementioned violations.

52. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

53. BBVA and PHH's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

54. In the alternative, BBVA and PHH were negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

55. As a direct and proximate result of the above-referenced violations by BBVA and PHH, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

56. Plaintiff is entitled to recover costs and attorney's fees from BBVA and PHH in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

57. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

58. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: July 24, 2020

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***